# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHRISTOPHER HARPER, | Case No. 3:18-cv-218 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| THE CITY OF TROTWOOD, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Christopher Harper brings this case against Defendants the City of Trotwood and Officer Bethany Morrisett alleging under 42 U.S.C. § 1983, 18 U.S.C. § 101, and Ohio law that she unlawfully arrested him and falsely charged him with obstructing official business. The case is presently before the Court *sua sponte*.

This case began in June 2018 when Plaintiff filed his Complaint. (Doc. #1). After the case was transferred from Cincinnati, United States District Judge Thomas M. Rose issued a preliminary pretrial conference order, referring this case to the undersigned and setting forth the schedule. (Doc. #8). On March 22, 2019, Defendants filed Motion for Judgment on the Pleadings. (Doc. #11). Plaintiff asked for an extension of time to respond to Defendants' Motion which this Court granted—extending the response deadline to April 19, 2019. (Doc. #12); Notation Order, 4/5/2019. Despite the extension,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff did not file a response. At Defendants' request, on April 11, 2019, this Court scheduled a discovery teleconference for April 16, 2019. Plaintiff's counsel, Rex Allen Wolfgang, indicated that he was available at that time. (Doc. #13-8, *PageID* #83). On April 16, 2019, the Court and Defendants' counsel waited for ten minutes for Plaintiff's counsel to join the call; Plaintiff's counsel did not.

On April 17, 2019, Defendants filed a Motion to Compel Discovery. (Doc. #13). Plaintiff did not respond. On May 9, 2019, this Court granted Defendants' Motion to Compel and ordered Plaintiff to respond to Defendants' Request for Production of Documents on or before May 24, 2019. (Doc. #15). Plaintiff was placed on notice that if he did not obey the Order, he was subject to sanctions, including dismissal of the case. Further, this Court ordered Plaintiff to show cause, not later than May 24, 2019, why this case should not be dismissed for failure to prosecute. Plaintiff was placed on notice that if he did not respond to the Order, his case may be dismissed for lack of prosecution. Plaintiff did not obey the Order and did not respond.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed.R.Civ.P., to enter a sua sponte order of dismissal.") (citation omitted). But, dismissal with prejudice for

failure to prosecute is "'a harsh sanction which the court should only order in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Carpenter*, 723 F.3d at 704 (quoting *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). By comparison, "the sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed … because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citing *Nwokocha v. Perry,* 3 F. App'x 319, 321 (6th Cir. 2001) (*per curiam*)).

To determine whether dismissal for failure to prosecute is appropriate, courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F.3d at 704 (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001) (quotation marks omitted)).

In the present case, Plaintiff is at fault. He did not respond to Defendants' Motion for Judgment on the Pleadings or Motion to Compel, did not participate in the April 16, 2019 discovery teleconference, and failed to respond to this Court's Order to Show Cause. Turning to the second factor, Defendants suffered some prejudice as they have spent time and money on attempts to complete discovery. As for the third factor, this Court, in the Order to Show Cause, warned Plaintiff that his failure to obey the Order

3

could result in sanctions, including dismissal of his case, and that his failure to prosecute may result in dismissal of the case. Finally, although less drastic sanctions have not been imposed, any sanctions would have little effect on Plaintiff because it is unlikely he would respond to any sanctions. Taken together, these factors support the less-drastic sanction of dismiss without prejudice in this case.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed without prejudice; and
2. The case be terminated on the Court's docket.

July 22, 2019

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).